David M. McGUIRE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17146.

United States Court of Appeals Ninth Circuit.

April 21, 1961.

David M. McGuire, in pro. per.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, David Y. Smith, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant, a federal prisoner held in custody at the United States Penitentia-ry at McNeil Island, Steilacoom, Washington, appeals from an order of the United States District Court, Southern District of California, entered on May 17, 1960, denying without hearing appellant's motion, based on Title 28 U.S. C.A. § 2255, filed on May 9, 1960, to vacate and set aside the sentence imposed upon him by the same district court on the 15th day of May 1959, following his plea of guilty to counts 4 and 9 of an indictment charging the appellant in each count with the offense of uttering and publishing as true with intent to defraud the United States a United States Treasury check payable to another whose endorsement was forged by appellant, as set forth in Title 18 U.S.C.A. § 495, and denying without hearing appellant's motion, filed May 11, 1960, to vacate judgment on counts 4 and 9 of the indictment, based on the provisions of Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

Incorporated in appellant's verified petition filed on May 9, 1960, under Title 28 U.S.C.A. § 2255, appellant states: that he was arrested on February 13, 1959 by a California Highway Patrol officer and placed in jail at Barstow, California, and on that day was delivered to one James Hurst, a federal agent, who delivered appellant to the Los Angeles County jail, where he remained until February 16, 1959, on which date complaint was filed against him before the United States Commissioner at Los Angeles, which complaint was sworn to by James Hurst, Special Agent, United States Secret Service; that on February 16, 1959, appellant appeared before the United States Commissioner and waived preliminary examination; that between his arrest at Barstow, California and his appearance before the United States Commissioner appellant was subjected to interrogation by Agent Hurst, who allegedly stated to appellant that he would get probation for appellant if he would cooperate with the government; that appellant protested his innocence of the charge against him; that Agent

Hurst stated that he had talked with the United States Attorney who would be willing to help appellant if appellant cooperated, and that if the appellant would not cause the government any trouble that the appellant would be granted probation; that Agent Hurst typed out a statement and asked appellant to sign it; that appellant refused; that appellant was then informed that his wife was waiting to see him; that Agent Hurst stated that when appellant signed the statement that he would be permitted to see his wife; that appellant, after two hours of further interrogation, signed the statement without reading it; that appellant had been questioned for a period of 14 hours and held for a period of 76 hours before being taken before the Commissioner; that appellant appeared before a United States district judge to plead to the indictment on March 23, 1959, at which time an attorney was appointed to represent appellant; that appellant informed counsel of his incarceration, interrogation and the signing of the statement, but nevertheless protested his innocence of any charge; that counsel advised appellant, because of appellant's prior record and his signing of the statement, appellant should plead guilty and get probation; that on April 17, 1959 appellant pleaded guilty to counts 4 and 9; that on April 13, 1959 Agent Hurst advised appellant to plead guilty to two counts of the indictment and that he had talked to the probation officer who would render to the court a favorable report and that appellant would get probation; that appellant's court appointed counsel made no effort to investigate the merits of the case and that he advised appellant if he pleaded not guilty he would be convicted in light of his prior record and because of the statement which appellant had signed; that on May 5, 1959 a named probation officer advised appellant that appellant would be granted probation; that after appellant had been sentenced on May 15, 1959 to serve consecutive sentences of five years on each count to which he pleaded guilty the named probation officer stated if he had known the court was going to impose such a sentence he would not have submitted an unfavorable probation report, and that he would endeavor to get the judge to modify the sentence; that on May 23, 1959 appellant was returned to court, at which time he was told by Agent Hurst that appellant's sentence would be modified if appellant identified the party from whom he received the checks; that appellant protested his innocence and that he was not trying to protect anyone.

For the reasons hereinbefore stated, appellant claims to have been denied the effective assistance of counsel, that he was coerced into entering the guilty pleas, that such pleas were not voluntary on his part, and that his constitutional rights had been violated. At the time of filing the petition, appellant filed affidavit of poverty, motion to proceed in forma pauperis, motion for appointment of counsel, and an application for a writ of habeas corpus ad testificandum.

Appellant's motion, filed on May 11, 1960 to vacate the judgment under Rule 35 of the Federal Rules of Criminal Procedure, was based on appellant's claim that venue was improperly laid in that the indictment should have been filed in the Northern Division instead of the Central Division of the United States District Court for the Southern District of California.

No counter-affidavits were filed on behalf of the government.

In its order of May 17, 1960, denying appellant's motions, the district court stated:

"On December 22, 1959 defendant filed a 'Motion To Vacate Judgment and Sentence And To Withdraw Plea Of Guilty Under Criminal Rule 32(D).' This Court denied the motion.

"On January 11, 1960 defendant filed notice of appeal. On April 13, 1960 the appeal was dismissed by the United States Court of Appeals for the Ninth Circuit.

"On May 9, 1960 defendant filed a 'Motion To Vacate And Set Aside The Illegal Sentence Imposed,' and on May 11, 1960 defendant filed a 'Motion to Vacate Judgment on Counts 4 and 9 of the Indictment in the Above-Entitled Cause.'

"It appears from the files and records in this case that the sentence imposed upon defendant, petitioner herein, is not illegal and that the issue that the plea of guilty to Counts 4 and 9 of the Indictment was not freely and voluntarily entered by the defendant has no merit.

"The Motion filed on May 9, 1960 and the Motion filed May 11, 1960, described in detail above, are denied."

It appears that on December 22, 1959 appellant filed in the district court verified motion and petition "To Vacate Judgment and Sentence And To Withdraw Plea Of Guilty Under Criminal Rule 32(D)", which recites that jurisdiction of the district court to grant the redress sought rests upon Title 28 U.S.C.A. § 2255. In such petition it is stated that his pleas of guilty were entered as a result of duress and while appellant was in a "state of mental incoherence and inadvertence". The statements alleged in this petition are in the main substantially the same as those hereinbefore outlined in the petition filed on May 9, 1960, except appellant makes no detailed statements concerning the lack of effective assistance on the part of his court appointed counsel. This petition was denied by the district court on the day it was filed. The order of the district court denying the petition states:

"Petitioner contends that his plea of guilty was entered by reason and result of duress, and that his plea of guilty was entered 'in a state of mental incoherence and inadvertence.'

"The record has been reexamined and does not indicate any duress was applied to petitioner before or at the time his plea of guilty was entered nor during the period between the entering of his plea and the date of sentence; nor is there any mention of duress by petitioner in any of the numerous letters written by him to this Court before sentence and after incarceration. And at no time during defendant's several appearances before this Court was there any indication or suggestion that defendant was incompetent.

"As a consequence, the motion filed by petitioner to vacate judgment and sentence is denied."

No counter-affidavits were filed by the government in response to this petition.

Appellant filed notice of appeal to this Court from such order, and thereafter the appeal was dismissed at the request of appellant, his request stating:

"The motion appealed from is inadequately prepared concerning appellant's contentions and points of law. Appellant has not presented the motion to the District Court properly, do to the fact appellant had no records of the case when the motion was filed, therefore the District Court have not had a chance to be presented with important facts of the case and points of law stressed as should be in a proper motion. Appellant feels the motion is not appropriate for presentation to the court for relievef, and it is appellant's desire to refile a proper motion with the district court in seeking relief." (Sic.)

■ Appellant's motion filed on May 11, 1960, based on Rule 35 of the Federal Rules of Criminal Procedure, that venue was improperly laid is without merit. Appellant made no objection at any time on the ground of improper venue, and his objection to the jurisdiction of the Central Division of the United States District Court for the Southern District of California was waived. See Hanson v. United States, 9 Cir., 1960, 285 F.2d 27.

As to appellant's petition filed on May 9, 1960, made under Title 28 U.S.C.A.

§ 2255, the government contends that the order of the district court denying the petition must be affirmed on the ground that in the present petition appellant seeks similar relief to that sought in the petition filed on December 22, 1959, and that since appellant voluntarily dismissed his appeal from the order denying the relief sought the district court is not required to entertain a second or successive motion for similar relief. In this respect, Section 2255 provides in pertinent part as follows: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

From our examination of the two petitions, the contention of appellant that he was denied the effective assistance of counsel does not appear in the first petition. The right of one accused of crime to the effective representation of counsel is a fundamental right. Glasser v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126; Kyle v. United States, 9 Cir., 1959, 263 F.2d 657. Furthermore, the district court did not refuse to entertain the second petition, but in fact did entertain the same and after consideration denied it without hearing. Section 2255 in pertinent part provides, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." In our view, the motion and the files and records in the case do not conclusively show that the prisoner is entitled to no relief.

In our view the district court should have caused notice of the petition to be served upon the United States attorney, and granted a hearing thereon.

The order appealed from is reversed and the case is remanded to the district court with instructions to hold a hearing in conformity with the provisions of Title 28 U.S.C.A. § 2255.