Lawrence George KRUCHTEN,
Petitioner,

v.

Frank A. EYMAN, Warden, Arizona State
Penitentiary, Respondent.

No. Civ–6304.

United States District Court
D. Arizona.

Dec. 1, 1967.

Darrell F. Smith, Atty. Gen., of the State of Arizona, for respondent.

Arthur Ross, Phoenix, Ariz., for petitioner.

## OPINION

CRAIG, District Judge.

In the above entitled cause petitioner filed his petition for writ of habeas corpus under Title 28 U.S.C. § 2254. All state remedies having been exhausted, the petition for writ of habeas corpus was received.

Petitioner pleaded guilty in the Superior Court of the State of Arizona in and for the County of Yuma to the crime of first degree murder. An appeal was taken to the Supreme Court of Arizona from the judgment of conviction and the sentence of death. Following a coram nobis hearing, ordered by the Supreme Court to make findings of fact and conclusions of law, the Arizona Supreme Court affirmed the conviction. State of Arizona v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). The Supreme Court of the United States denied certiorari. Kruchten v. Arizona, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967). An order to show cause, pursuant to the petition for writ of habeas corpus, was granted by the United States District Court for the District of Arizona on March 31, 1967. Hearings, pursuant to that order, were held on September 28–9, 1967.

This is a companion case to Janovic v. Eyman, 276 F.Supp. 862 (1967) [decided this date]. The statement of facts as set forth in that case is adopted herein. This petitioner raises many of the same issues that are extensively discussed and decided in the other case: the lack of effective assistance of counsel; the consideration of the confession at the time of sentencing and again at the coram nobis; that the imposition of the death penalty in this instance constitutes cruel and unusual punishment; and the denial of due process by the lack of a court reporter at the time of the entry of the plea of guilty. The discussion and findings on these questions in Janovic v. Eyman, supra, are adopted for this case.

Petitioner concentrates his argument on the fact that both he and Janovic were represented by the same counsel, without regard for any possible conflict of interest existing between the two. Kruchten additionally alleges that he was never informed by the Court of the problems of conflict of interest or of his right to independent Court appointed counsel.

The basic element which constitutes "assistance of counsel" under the Sixth Amendment to the Constitution of the United States is the right of one accused of a crime to *effective* representation by counsel. Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956); Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949); McGuire v. United States, 289 F.2d 405 (9th Cir., 1961); Kyle v. United States, 263 F.2d 657 (9th Cir., 1959). However, right to counsel does not mean an indigent has an absolute right to some particular counsel of his own choosing. Reiff v. United States, 299 F.2d 366, 9 L.Ed.2d 768 (9th Cir., 1962), cert. den. 372 U.S. 937, 83 S.Ct. 884 (1963). Nor does it guarantee counsel with whose advice the defendant can agree. Arellanes v. United States, 326 F.2d 560 (9th Cir., 1964).

In this instance the counsel was Ralph Brandt, Esquire, of Yuma. He originally had been hired by Janovic's parents to represent their son. On May 25, 1963, the morning after petitioner and Janovic were brought to Yuma, Brandt went to the County Jail to meet his client before the preliminary arraignment. During this meeting, Janovic asked whether Brandt would represent Kruchten, who was without counsel and funds. Brandt talked with Kruchten, who indicated a desire to have Brandt represent him, and entered an appearance for both defendants at the preliminary arraignment. From May 25 until July 26, 1963, Brandt represented Janovic and Kruchten on all occasions.

Apparently at no time did Brandt have any indication that either of his clients was not fully satisfied with his services. Kruchten, however, was not completely happy. On July 5, 1963, he wrote to his wife:

"Hon if you can try to get me that lawyer from Phoenix, because you can see very plainly just what that lawyer we have now has in mind for me, and if possible, I want a good lawyer not one of those court appointed fools but if you cannot get one I will have to take my chances and hope for the best."

On July 9th he wrote another letter:

"I am just about ready to call it quits, because I don't know whats going on or who I will have to defend me. All I do know is I am not going to have the same lawyer that Joe has, I would be safer if I defend myself."

These letters indicate that petitioner had doubts about the legal advice he was receiving. However, it is interesting to note that they also indicate that he was well aware of the fact that he could have another attorney appointed for him. Rather than follow that course, he chose to continue with Brandt "and hope for the best."

▋ The companion case contains a complete discussion of the adequacy and effectiveness of Brandt's representation. This Court is convinced that Kruchten, as well as Janovic, was rendered competent legal assistance within the standards established by the Sixth Amendment.

In the area of conflict of interest, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), held that the assistance of counsel:

"* * * guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by * * * requiring that one lawyer shall simultaneously represent conflicting interests. * * *" (315 U.S. at 70, 62 S.Ct. at 465).

▋ Since this rule was promulgated in 1942, it has been followed many times by both Federal and State Courts. The most recent Ninth Circuit cases are: Juvera v. United States, 378 F.2d 433 (1967); Kaplan v. United States, 375 F.2d 895 (1967); Lugo v. United States, 350 F.2d 858 (1965); Peek v. United States, 321 F.2d 934, 5 A.L.R.3d 802 (1963), cert. den. 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964); Chavira Gonzales v. United States, 314 F.2d 750 (1963). These cases established that when a conviction is obtained where a conflict of interest exists which denies one or both defendants effective assistance of counsel, that conviction cannot stand. However, absent the showing of such a conflict, the fact that two defendants are represented by the same attorney is not grounds for reversal. Lugo v. United States, supra, at 859. In May of this year the Ninth Circuit Court of Appeals held that the Sixth Amendment does *not* require:

"* * * that the trial judge * * * discuss with the defendants the problems relating to representation of the several defendants by one counsel, pointing out to them the disadvantage that might arise should there be conflicting interests to be represented by the attorney. (Juvera v. United States, supra, at 437)

▋ Brandt was aware of the problems which might arise from dual representation. On June 27, 1963, he wrote to Janovic's parents, with a copy to Kruchten's wife:

"At the moment, I am representing both boys because there appears to be no antagonistic interest between the two. Their statements indicate an exact degree of guilt. * * * The moment there might be any question on this, I will have the court provide Lawrence an independent attorney."

At no time while he was representing the defendants did he determine that there was any conflict of interest requiring separate counsel. Courts must be able, and must be permitted, to rely on the determination of counsel that con-

flict does or does not exist. See, Kaplan v. United States, supra.

Following sentencing, Brandt advised petitioner's and Janovic's appellate counsel that one of the areas which might be investigated for the appeal was the possibility of a conflict of interest. There is considerable disagreement among the attorneys involved concerning Brandt's statement in this regard, or whether or not he agreed to sign an affidavit stating that there was a conflict. Regardless of this disagreement, Brandt has since refused to provide such an affidavit.

█ Notwithstanding whether Brandt, Kruchten, appellate counsel, or the trial Court found a conflict of interest, this Court has considered anew the evidence put forth by petitioner, and has determined that no conflict of interest existed which required separate counsel.

█ Petitioner alleges that there was a conflict with regard to equal culpability for the crime in that he does not recall discussing with Janovic a plan to knock out Miss Pierce, and take her automobile. Whether there was a discussion at Salome, as Janovic states, is immaterial to the question of intent and guilt which might establish conflict. There is no variance as to the essential details of the crime: Janovic states that the two defendants and Miss Pierce stopped the car on the desert; that they walked toward the mountains; that he hit her on the head with a rock two or three times; and that Kruchten then did the same. Petitioner states that they stopped the car; that they walked toward the mountains; that Janovic hit Miss Pierce on the heat; and that he, Kruchten, then hit her once or twice more. Both defendants agree that they then returned to the car and drove eastward with the victim's belongings. The car was the only means of transportation available to them, so there can be no doubt that there was intent by both defendants to take the car, leaving Miss Pierce wounded on the desert. This brings the case squarely within the felony-murder rule, regardless of whether there was an intention to kill the victim. That this was throughout a joint venture, participated in equally by both defendants, is strikingly clear to this Court. There is no merit in petitioner's attempt to establish a conflict by shifting the greater burden of guilt to Janovic.

█ Petitioner urges upon this Court the rule requiring separate counsel in every case recently established by the District of Columbia Circuit Court of Appeals in Lollar v. United States, 376 F.2d 243 (1967), and Ford v. United States, 379 F.2d 123 (1967). That rule, as defined by the District of Columbia Circuit, applies only to United States District Courts under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(b); it certainly does not extend to state Court proceedings in 1963. While the rule may have great merit, this Court does not find it applicable to the instant case, nor does this Court find it error for the state trial Court to fail to apply it.

At the hearing conducted before this Court, much evidence was received showing the rehabilitation and good character of the defendants since incarceration. From this evidence it would appear that the remedy to the situation in which the defendants now find themselves is not with the Courts, but with the Arizona Board of Pardons and Paroles which has the power to commute their sentences.

For the foregoing reasons, it is the determination of this Court that petitioner is not restrained of his liberty in violation of the Constitution or laws of the United States.

The petition is denied.

Leave is granted to petitioner, Kruchten, to appeal in forma pauperis.