469 P.2d 820

**STATE of Arizona, Appellee,**

v.

**Levoy Jasper MEREDITH, Appellant.**

**No. 2011.**

Supreme Court of Arizona,
In Banc.
June 1, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Machmer, Lehman & Cantor, by Lawrence C. Cantor, and Gerald A. Machmer, Phoenix, for appellant.

UDALL, Justice.

In this case the defendant has appealed from a conviction of the crime of first-degree murder, in which the jury fixed the punishment at life imprisonment.

The pertinent facts show that the defendant and his estranged wife, the deceased, met on the 3rd day of November,

**2**

1967, in the anteroom of the Juvenile Court of Maricopa County, Arizona. They met in connection with proceedings initiated by defendant to adopt the deceased's minor child by a previous marriage. Very shortly after they met and had some discussion with counsel they both left the courthouse separately, apparently to go to their respective cars. Soon thereafter the defendant was seen pursuing the deceased, shooting at her near their parked cars on West Jefferson Street, Phoenix. The evidence shows that the defendant shot the victim five times, from which gunshot wounds she shortly thereafter died.

█ Defendant first assigns as error the court's refusal of defendant's motion to replace his counsel, Louis L. Zussman, Deputy Public Defender, prior to the beginning of the trial. The motion was made in writing and in it the defendant made serious accusations against his counsel. He alleged that his counsel had called him a "no-good punk" and expressed a "wish that he get the gas chamber". He further stated that counsel had said: "All I am good for is to go around shooting defenseless women." He also made some trivial charges that were not supported by the evidence.

Counsel denied making the serious accusations and either denied or explained the trivial accusations.

The record shows that attorney Charles Hyder, of the Public Defender's office, had first been appointed to represent the defendant but that defendant strenuously objected to representation by Hyder, for reasons that were not legally justified. Nonetheless Hyder willingly stepped aside and Zussman was appointed in his place. Zussman denied that he had ever demanded that defendant plead guilty but he did say that he had explained to him the nature of the charge of first-degree murder, and the consequences of a conviction of first-degree murder.

After the court had conducted a rather exhaustive hearing on the question of the competency of counsel to represent the defendant, the court denied defendant's motion to change the court-appointed attorney.

In support of the court's ruling, the record shows that Mr. Zussman did do a conscientious, capable job of defending the defendant. Counsel's assurance to the court, at the time the motion was denied, was that he would do his best fairly to represent the defendant. The record shows he did fulfill his promise.

█ The indigent defendant is not entitled to appointed counsel of his own choosing. A constitutional right to counsel is fulfilled when he is assigned counsel who is a qualified member of the Bar and acts diligently in the defendant's behalf. Applications of Oppenheimer, 95 Ariz. 292, 389 P.2d 696, cert. denied, 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311 (1964). See also Kruchten v. Eyman, 276 F.Supp. 858 (D.Ariz.1967), affirmed, 9 Cir., 406 F.2d 304.

█ The defendant next contends that the court erred in not ordering oral testimony of the psychiatrists and other witnesses at the hearing to determine whether the defendant was capable of understanding the proceedings, and/or whether he was capable of assisting counsel in his defense.

The defendant alleges that he was examined by one set of psychiatrists at the Arizona State Hospital, at which time his counsel did not cross-examine them. He asserts that due process and A.R.S. § 13-1621 (1968) required the trial court to hold an oral hearing to receive expert testimony bearing on defendant's ability to understand the proceedings against him and his ability to assist in his own defense. A.R.S. § 13-1621 provides in pertinent part as follows:

"§ 13-1621. Trial, conviction or punishment of persons suffering from mental illness or defect

"A. A person shall not be tried, convicted or punished for a public offense while, as a result of a mental illness or defect, he is unable to understand the

proceedings against him or to assist in his own defense.

"B. At any time after arrest or service with a summons, a person charged with a crime may petition the superior court to determine whether he suffers from a mental illness or defect which renders him unable to understand the proceedings against him or to assist in his own defense.

\* \* \* \* \* \*

"E. Immediately after the examinations by experts contemplated by subsections C and D of this section, the court shall hold a hearing to determine, on the basis of the expert testimony, including the evaluation, report and testimony of an official of the institution to which the defendant may have been committed, plus any other evidence regarding the defendant's mental condition introduced by either party, whether the defendant is able to understand the proceedings against him and to assist in his own defense. The parties may, by stipulation, waive oral testimony at this hearing.

"F. All experts appointed by the court shall file reports and testify at the hearing contemplated by subsection E of this section. \* \* \* "

Thus Subsection "E" clearly provides that the parties may by stipulation waive oral testimony at the hearing. It is further provided in Subsection "F" that all experts appointed by the court file reports and testify at the hearing "contemplated by Subsection 'E'." Thus it would appear that while an oral hearing could have been had under Subsection "E", it likewise could have been waived by stipulation. There is no question that the written reports of the psychiatrists were filed and available to both parties in this case.

The record shows that defendant was examined in early 1968 at the state hospital by three psychiatrists. All concluded the defendant was able to understand the proceedings and to assist with his defense. Upon request of defendant's counsel in September, 1968, the defendant was re-examined. In ordering the re-examination the trial judge, in order to assure independent evaluations, stated that the doctors were not to exchange copies of their reports.

It is apparent that these supplemental reports similarly concluded that the defendant was able to stand trial. On October 15, 1968, counsel for both parties appeared in court, at which time the trial judge asked whether there was any request for a formal hearing. Neither party so requested. At that time defendant's counsel stated that he saw no reason for a formal hearing. The hearing was thereby waived.

Under these circumstances, and since it is clear that defendant and his counsel had access to the reports of the psychiatrists, it was not error for the Court, with the assent of defendant's counsel to proceed without oral examination of the psychiatrists.

■ As a third assignment of error, the defendant contends that:

"The Court erred in permitting photographs of physical evidence, into evidence, when the Court had excluded the physical evidence itself as being too inflammatory."

There is nothing in the evidence to indicate that the photographs, Exhibits 6–11, inclusive, which were admitted without objection, were prejudicial or that they tended to inflame the jury when offered for their consideration. In People v. Robbins, 225 Cal.App.2d 177, 37 Cal.Rptr. 244, 246, cert. denied; 382 U.S. 1017, 86 S.Ct. 631, 15 L.Ed.2d 531 (1964), the court states:

"It is for the trial court to determine, from the evidence before it, whether a photograph offered is a correct representation of the object or scene in question, and the ruling will be sustained on appeal unless it is apparent that there has been an abuse of discretion."

See also State v. Chambers, 102 Ariz. 234, 428 P.2d 91 (1967).

The defendant does not here contend that the photographs lacked probative value. We find no basis for holding that their

**4**

introduction was an abuse of discretion on the part of the trial court. See State v. Brady, 105 Ariz. 190, 461 P.2d 488 (1969).

 In the fourth assignment of error, the defendant claims:

"It is error to let the verdict stand as to the sanity of the accused."

The defendant contends that on the 3rd day of November, 1967, and for some time prior thereto, he had been drinking heavily; that he was addicted to the use of drugs, and that he had been using the same to the extent that he did not remember anything that happened on the day of the shooting. Defendant asserts that, in view of the alleged complete black-out of his mind occasioned by the quantities of liquor and drugs he had consumed, and also in view of the testimony of his landlady that in her opinion he was a paranoid, there was sufficient evidence upon which the court should have directed a verdict of acquittal, despite the testimony of a psychiatrist.

The testimony of defendant as to his drunken and drugged condition on the day of the alleged murder is rebutted by the witnesses for the state. The officer who arrested the defendant immediately after the shooting, and the truck-driver who was present at the time, testified that the defendant didn't appear to be intoxicated. They further testified that when the officer ordered defendant to get out of his car with his hands up, the defendant did get out of his car with his hands as high as his head and he said to the officer, "Please don't shoot me."

The testimony shows that defendant had gotten into his car to try to get away, but that he was thwarted in doing so by a truck-driver who maneuvered his truck in such a way that he blocked the avenue of escape. In those few moments after the shooting, defendant gave every indication of knowing what he was doing, and when he saw that he was cornered by an officer who had a gun in his hand, he had the presence of mind to plead for his life.

We must conclude that the case was properly submitted to the jury. The judgment is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.