506 P.2d 1031

**STATE of Arizona, Appellee,**

**v.**

**Derald Harris STEED, Appellant.**

**No. 2591–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 23, 1973.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

This case is before us on a petition for review of a decision of the Court of Appeals, Division One, affirming defendant's conviction of the crime of aggravated assault, and remanding the case for resentencing. That court's opinion is reported at 18 Ariz.App. 316, 501 P.2d 585 (1972). The sentence was two to five years in prison. The opinion of the Court of Appeals is vacated and the judgment and sentence of the Superior Court are affirmed.

The victim is referred to as defendant's wife, although he claims never to have married her. They were separated, but she had three children by him during the ten years they lived together. At the time of this crime, she was working as a barmaid in a tavern to which defendant came at about 1:00 A.M. to bring a tire which he had bought for her car. She went outside

with him to unlock her car trunk and he put the tire inside. ,

Immediately thereafter, a fight started, for reasons about which there is a dispute. However, he beat her viciously, threw her into his car, threatened to kill her, and drove off with her partly in and partly out of the car. He dragged her in this condition about a block, when she managed to extricate herself and start running. He got out and started chasing her, but his car kept rolling and he ran back to stop it. Shortly behind defendant's car, a Gerald Crawford stopped his auto for a traffic light, and the victim ran to him for help. He let her in. Defendant got his car stopped, turned and saw his "wife" in Crawford's car, and drove off "at a high speed."

At the preliminary hearing the public defender was present to represent defendant, but the latter indicated that he took a dim view of that office, and got the hearing postponed in order to hire his own lawyer, who then represented him when the preliminary hearing was later held. At the arraignment, that lawyer was allowed to withdraw because his fee had not been paid. The judge then explained to defendant that while he had the right to represent himself, he could have the public defender do so without cost. Defendant then stated: "Well, I don't know. I just as soon represent myself, I guess."

The judge accepted defendant's above-quoted answer and started the trial which ended in a jury verdict of guilty.

Three weeks later the case came up for sentencing. The prosecutor asked whether defendant was represented by counsel. Without querying defendant, the judge answered: "No. He was representing himself in this case." Immediately thereafter, came the following colloquy between the judge and the defendant:

"Q. Do you have any good reason for legal cause to show why I should not sentence you at this time?

"A. No, sir.

"Q. . . . I couldn't really see any justification for the way you beat up this woman.

"A. I feel the same way. There was no reason. Just happened.

"Q. You seem to have had a lot of involvement in getting yourself into trouble with people . . .

"A. Yes, sir, I have done that."

Sentence was then pronounced and defendant was told that he would be taken off to prison. He answered: "That's all right with me."

He was then told that he had a right to appeal and stated he did not want to appeal. When the judge tried to explain that he had a right to a free transcript and free counsel for an appeal, defendant answered:

" . . . Just let me go. . . . You don't have to tell me. You done told me what you want to. Let me alone. Okay?"

Ten days later, defendant, represented by private counsel, was back before the court on a motion for a new trial. Counsel told the judge that he did not intend to question the sufficiency of the judge's questioning of the defendant (!) but that he had heard from persons present that defendant was under the influence of something during his appearance in court. He attached no affidavit of any such person, nor did he offer either an affidavit or testimony of the defendant to prove the assertion. He merely gave his own unsworn hearsay statement and stated that although the situation might not have come to the judge's attention, counsel felt that there might have been some indication that such was the situation. The judge stated that he "did not have any such feeling."

Counsel then argued that defendant had an absolute right to counsel at his sentencing. The judge stated that he felt the original waiver of the right to counsel carried right on through, and frankly admitted that he had not again advised defendant of his right to counsel before the hearing on sentencing.

The motion for a new trial was denied and, on appeal, the Court of Appeals affirmed the conviction, but sent the case back for resentencing in the presence of defense counsel.

Defendant raises two issues. The first is that at the sentencing it was the duty of the judge to advise defendant again of his right to free counsel. We do not believe that this position is well taken. Once defendant has waived his right to counsel and has elected to defend himself, that condition remains in effect until he indicates a desire to change it. Were it otherwise, where should the line be drawn? After the selection of the jury is complete? Every time an objectionable question is asked? Whenever an objectionable piece of evidence is offered? Before the closing arguments? At the settling of the instructions? We hold that defendant's election, once properly made, continues throughout the trial and sentencing. Any other rule would be unworkable.

Defendant's second point is that it was reversible error to give an instruction on flight under the facts of this case. He cites State v. Rodgers, 103 Ariz. 393, 442 P.2d 840, and State v. Castro, 106 Ariz. 78, 471 P.2d 274, for the proposition that leaving the scene of a crime is not in itself sufficient basis for giving such an instruction.

We note that at the trial there was no objection made to the giving of such an instruction and therefore no objection may be made for the first time on appeal. State v. Norgard, 103 Ariz. 381, 442 P.2d 544 (1968), State v. Gomez, 105 Ariz. 424, 466 P.2d 378 (1970). A defendant who declines the assistance of an attorney cannot be given special treatment because he insists on representing himself.

We do not consider the error, if error it was, to be so fundamental as to require a reversal. The defendant took the stand and admitted an assault upon the victim. The giving of the instruction could have had no effect upon the resulting verdict of guilty, and hence was harmless, if error it was. Ariz.Const., art. 6, § 22, A. R.S. *See also* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The opinion of the Court of Appeals is vacated and the conviction and sentence of the Superior Court are affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.