506 P.2d 670

**STATE of Arizona, Appellee,**

v.

**Alfred Charles SMITH, Appellant.**

**No. I CA–CR 462.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 1, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

The question before this Court is to determine if the defendant, Alfred Charles Smith, was denied his right under the Arizona Constitution to represent himself.

The Arizona Constitution, Article II, Section 24, A.R.S. states: .

"In criminal prosecutions, the accused shall have the right to appear and defend in person * * *"

When a defendant is mentally competent he cannot be forced to accept a lawyer when he does not want one. Burgunder v. State, 55 Ariz. 411, 103 P.2d 256 (1940); State v. Van Bogart, 85 Ariz. 63, 331 P.2d 597 (1958); State v. Carter, 1 Ariz.App. 57, 399 P.2d 191 (1965).

There is nothing in the record to show the defendant in this case ever requested the right to represent himself. It does ap-

pear that the defendant became dissatisfied with the attorney from the Public Defender's Office after this attorney recommended the defendant enter a guilty plea. The defendant filed a handwritten motion to dismiss the Public Defender's Office and requested the Court to appoint new counsel from outside the Public Defender's Office. This motion was denied by the trial court and is the basis for this appeal.

Two days later the defendant entered a plea of guilty as a result of a plea bargain arranged by his attorney from the Public Defender's Office; the State dismissed one felony count and dropped the allegation of a prior conviction. The defendant does not contend that his plea was not entered knowingly and voluntarily. Our Supreme Court has held that a defendant who pleads guilty to an amended information as the result of a plea bargain while represented by counsel is presumed to have entered such a plea free and voluntarily. State v. Wheatley, 106 Ariz. 524, 479 P. 2d 409 (1971).

The case of State v. Meredith, 106 Ariz. 1, 469 P.2d 820 (1970) is directly in point with the issue in this case. In Meredith, supra, our Supreme Court held that an indigent defendant is not entitled to appointed counsel of his own choosing. The constitutional right to counsel is fulfilled when he is assigned a qualified member of the bar who acts diligently in defendant's behalf.

Defendant never requested that he be allowed to conduct his own defense —he only sought the replacement of counsel which was a discretionary matter denied by the trial court. There is nothing in the record to show an abuse of this discretion for it appears the attorney from the Public Defender's Office was qualified and that this attorney worked diligently in defendant's best interest.

The judgment and sentence of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.