520 P.2d 1121

The STATE of Arizona, Appellee,

v.

Eric DeLUNA, Appellant.

No. 2679.

Supreme Court of Arizona,

In Banc.

April 15, 1974.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Paul J. Prato, Former Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a conviction and judgment of guilt to the crime of theft from the person, §§ 13–661, 13–662, and 13–663, as amended 1968, A.R.S., with a sentence thereon of not less than ten nor more than fifteen years in the Arizona State Prison.

We must consider two questions on appeal:

1. Did the defendant knowingly and intelligently waive assistance of counsel?

2. Did the trial court err in denying the motion for a continuance after the defendant changed his mind and requested appointment of counsel?

The facts necessary for a determination of this matter on appeal are as follows. The defendant was arrested for stealing a wallet from the person of another. Preliminary hearing was held at which time he was represented by a deputy public defender and he was held to answer. At the arraignment in the Superior Court, the defendant refused the assistance of the public defender and demanded the appointment of private counsel. The demand for private counsel was refused and defendant then notified the court that he would act as his own counsel and entered a plea of not guilty.

On the morning of the trial, the defendant was again advised of his right to have the public defender represent him, but he again refused the services of the public defender and renewed his request for the appointment of counsel other than the public defender. This request was denied and the case proceeded to trial.

After the lunch recess, the defendant advised the judge that he had made a mistake, and requested that the court appoint the public defender to handle the case. A deputy public defender was present and he advised the court that he would represent the defendant, but that he would need an overnight continuance in order to prepare for trial. The trial judge denied the request for the continuance and allowed the public defender to remain and advise the defendant for the remainder of the trial. The jury returned a verdict of guilty from which defendant appeals.

## WAS THERE AN EFFECTIVE WAIVER OF DEFENDANT'S RIGHT TO COUNSEL?

Defendant on appeal contends that the trial court failed to "determine on the record whether appellant's waiver of counsel was competent and intelligent." At the arraignment before Judge Harold D. Martin the following transpired:

"THE COURT: * * * Do you have any money or property with which to hire an attorney?

"MR. DE LUNA: Can I say a word before you swear me in? About the public defender, I will not take the public defender. I will take an appointed attorney.

"THE COURT: You don't get an appointed attorney, you get the public defender if you don't have one.

"MR. DE LUNA: Then I will fight my case by myself.

"THE COURT: You understand you have the right under the laws of the State of Arizona to represent yourself. I must say, however, most people that represent themselves have fools for a client.

"MR. DE LUNA: I know my business. Plead not guilty and would not waive —

\*    \*    \*    \*    \*    \*

"THE COURT: All right. This case is set for trial on October 18, 1972, 9:30 a. m., in Division Beta.

"MR. DE LUNA: Thank you."

And on the day of the trial before Judge Hardy:

"THE COURT: Let the record show the presence of the defendant and the prosecutor in chambers.

Mr. DeLuna, I understand that you don't want a lawyer to represent you, is that correct?

"DEFENDANT DE LUNA: I don't want my—I do want an attorney but I don't—I would not want to have the Public Defender. Mr. Trombino, the prosecutor here, knows this very well the last time I was here. I—I had a cause not to have one and I—the judge,

last time I came over that I would take an appointed attorney. He said he couldn't give me what I wanted. I —he said I would have to take a Public Defender or would have to fight the case by myself, so then I said I would present it myself. The deal—I know that it's not my job to force you to give me what I want but I know it's a violation of the constitution that a man must have his rights and I think that I've been—I think my rights have been violated by when they refused to give me an appointed attorney by the court. I think my constitution—it's just like Mr.—it's just like we been eating—you want me to eat something that I don't want to eat and you force me to eat it. The court is forcing me to take a Public Defender which I don't have no—no trust in. I don't have no trust with 'em because the only thing they do for me is just to make a deal. Like yesterday they went up with a one to ten if I would plead to theft to a person or they would put two prior convictions they have on me, which prior conviction is nothing but a double jeopardy because I know this, I already paid for that time. I'm not going to pay twice for something I already paid for in prison. I spent eight and a half years of my life in prison for this crime.

"THE COURT: Is your name Luna?

"DEFENDANT DE LUNA: DeLuna.

"THE COURT: Eric DeLuna?

"DEFENDANT DE LUNA: Yes, sir.

"THE COURT: Well, unfortunately I don't agree with you that you're entitled to have appointed the counsel of your choice.

"DEFENDANT DE LUNA: Yes, sir.

"THE COURT: You've really got to take what the court gives you, which is the Public Defender in this case.

What I want to be sure of is that you did understand you had the right to have counsel appointed. As a matter of fact, I could have a lawyer sitting in the courtroom; he would be a Public Defender, not representing you, but to advise you on any legal matters that came up. Do you want me to do that?

"DEFENDANT DE LUNA: Another thing—

"THE COURT: Well, answer that question.

"DEFENDANT DE LUNA: Well, I mean, why couldn't I have the same— the same rights that I had the first time when I—when I was—in '69 when I was—I was given an appointed attorney? Why I can't I have the same rights as that three—four years ago that I have today?

"THE COURT: Well, I don't know. I don't know why you were given an appointed attorney in '69.

"DEFENDANT DE LUNA: You see.

"THE COURT: Possibly it was because there was some conflict in the Public Defender's Office.

"DEFENDANT DE LUNA: Yes, sir.

"THE COURT: But there's no apparent conflict now. You're the only defendant here charged.

"DEFENDANT DE LUNA: Yes. And I'm the one going to serve time if I find myself—if they find me guilty. Last time—last time I served four years in prison.

"THE COURT: What I want to know is would you like for me to have a lawyer in the courtroom.

"DEFENDANT DE LUNA: Will you answer me this—I'll answer your question, but I want that in the minutes that I would refuse—I was refused by the court. I was refused attorney— appointed attorney because it will go on my appeal, which I will appeal. I want to have that straight in the record—

"THE COURT: The record—

"DEFENDANT DE LUNA: —in the minutes.

"THE COURT: The record will show that you were offered the services of a lawyer in the Public Defender's Office and that the court did refuse to appoint some other lawyer outside the Public Defender's Office to represent you."

And:

"THE COURT: Well, do you want me 'to call a Public Defender and ask them to have a lawyer over here to sit in the courtroom so if you have any questions—

"DEFENDANT DE LUNA: Why couldn't it be the other way? Why couldn't you call an appointed attorney the same way like I did last time?

"THE COURT: Because we have a Public Defender's Office to take care of these things. That's the only thing I will do, Mr. DeLuna, is get someone from the Public Defender's Office.

"DEFENDANT DE LUNA: If I don't, I go in there and drown.

"THE COURT: I don't say you'll drown but you go in without the benefit of a lawyer, which I think is a handicap.

"DEFENDANT DE LUNA: Then if I accept it, then in the papers they'll be saying Mr. DeLuna accepted a Public Defender. But if I go in there and fight by myself and try to use a little best education that I have, I don't have too much, you know, by law but I'll try to defend myself by myself. I've got a better chance if I lose. I've still got an appeal because all my statutes on my—my rights has been violated. Yours has not been violated, the court hasn't been violated but I've been violated on my rights. I've been violated since I went with Mr. Flood, JP Court, but I'll go by myself.

"THE COURT: You don't want a lawyer?

"DEFENDANT DE LUNA: No, sir, I'll fight by myself. But I want a min-

ute of the court that I was refused appointed attorney by the court."

We have stated concerning the duty of the trial judge when a defendant desires to waive counsel in a criminal trial:

" ' * * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' [Footnote omitted] Under proper circumstances this may require the court to appoint counsel to conduct the defense despite the defendant's desire to defend for himself. In short, the defendant must not only wish to represent himself, he must also be competent to waive his right to counsel. Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed. 429. In the same breath, however, once it is determined that a competent waiver has been made it is not within the province of the trial judge to thrust counsel upon the defendant. * * *

* * * * * * .

"* * * While it is right that the court should indulge in every reasonable presumption against a waiver, see State v. Anderson, 96 Ariz. 123, 392 P.2d 784, this in no way implies that it should refuse to consider the defendant's request altogether. Otherwise the constitutional right to defend oneself if he intelligently and competently chooses would be illusory." State v. Martin, 102 Ariz. 142, 145, 426 P.2d 639, 642 (1967).

A reading of the record indicates that the defendant knew full well of his right to have counsel represent him and that he clearly waived counsel. We find no error in the court's failure to appoint counsel other than the public defender. A defendant is entitled to the appointment of competent counsel, but not of a particular counsel:

"The indigent defendant is not entitled to appointed counsel of his own choosing. A constitutional right to counsel is fulfilled when he is assigned counsel

who is a qualified member of the Bar and acts diligently in the defendant's behalf. Applications of Oppenheimer, 95 Ariz. 292, 389 P.2d 696, cert. denied, 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311 (1964). See also Kruchten v. Eyman, 276 F.Supp. 858 (D.Ariz.1967), affirmed, 9 Cir., 406 F.2d 304." State v. Meredith, 106 Ariz. 1, 2, 469 P.2d 820, 821 (1970).

We find no error in the acceptance by the trial court of defendant's waiver of counsel.

## DENIAL OF THE CONTINUANCE

After the noon recess the following transpired:

"MR. WEBER: For the record I'm Robert J. Weber from the Public Defender's Office.

"THE COURT: Mr. DeLuna, Mr. Weber just came in and said that you now want the Public Defender to represent you and start over and in effect declare a mistrial, is that correct?

"DEFENDANT DE LUNA: Yeah, that's correct, because I'm not going to go and drown myself in there and I better have some kind of protection to protect myself because I don't know nothing—only got this today. And just a while ago I went down there in the cell and I read part of this here. And I didn't eat my lunch or nothing because I wanted to see what I could get out of it. But I find myself drowning so if I can't get no mercy from the court I have to get my own self some—somebody that knows how to swim so he can help me swim out.

"THE COURT: Well, I tried to talk you into getting a lawyer this morning.

"DEFENDANT DE LUNA: Well, I asked for an appointed attorney but you denied to give it to me.

"THE COURT: I understand.

"DEFENDANT DE LUNA: Mr. Trombino stated that last time I was here I had an appointed attorney appointed by the court.

"MR. TROMBINO: I did.

"THE COURT: I understand that he did but—

"MR. TROMBINO: I did some checking and I found out the Public Defender was allowed to withdraw because of non-cooperation by the defendant. That was the reason for the Public Defender getting off in 1969. He was without an attorney and Judge Peterson appointed private counsel.

"THE COURT: Well, frankly my position is—I'm sorry—we've started now and we're going to go ahead and finish. Mr. Weber will be here to assist you this afternoon. It puts him in a tough spot to have to come in in the middle of a trial.

\*      \*      \*      \*      \*      \*

"THE COURT: After you came back from the afternoon recess, the jailer informed us that you wanted the Public Defender to assist you. So I called and requested that a Public Defender be sent over. Mr. Weber was sent over.

"MR. TROMBINO: Your Honor, is Mr. Weber appointed as counsel or is he just going to assist? I'm not clear on that.

"THE COURT: Do you want him to take over questioning of the witnesses now?

"DEFENDANT DE LUNA: Well, I guess if he's going to help me. Well, why don't we just let him do the best. Maybe he can do better than I can. I know he can because he's got the law.

\*      \*      \*      \*      \*      \*

"MR. WEBER: Your Honor, from my point of view, if this is going to be the case, if I'm going to conduct the cross examination, I would request a recess until tomorrow morning so I can read over the transcript and get somewhat prepared on it. You know, it's one

thing if he's going to ask the questions and it's another thing if I've got to ask them.

I would also like, if it's possible, maybe to get a copy of the testimony that was taken this morning to save duplication of that. If it's at all possible I would like to glaze over that tomorrow morning or something. I realize it puts an awful burden on the court reporter and it also puts a burden on the court, but I feel that if I'm going to do any kind of meaningful representation I've got to have at least some time to prepare.

"THE COURT: Well, I guess I'm just going to have to leave you in the position of just advising Mr. DeLuna and let him conduct the trial then because I don't really feel justified in, one, recessing until tomorrow or, two, in declaring a mistrial and starting over again.

So the record may show that all the court is going to do is request Mr. Weber to be available to advise Mr. DeLuna as Mr. DeLuna conducts his own defense of the case."

Although the defendant does not raise the issue on appeal, a minority of this court is of the opinion that the trial court committed fundamental error in denying defense counsel's request for an overnight continuance so that he might actively conduct the defense rather than act in an advisory capacity only.

■ Once a defendant has waived the right to counsel, that waiver continues throughout the trial unless he clearly indicates a change of mind:

"Defendant raises two issues. The first is that at the sentencing it was the duty of the judge to advise defendant again of his right to free counsel. We do not believe that this position is well taken. Once defendant has waived his right to counsel and has elected to defend himself, that condition remains in effect until he indicates a desire to change it. Were it otherwise, where should the line be drawn? After the selection of the jury is complete? Every time an objectionable question is asked? Whenever an objectionable piece of evidence is offered? Before closing arguments? At the settling of the instructions? We hold that defendant's election, once properly made, continues throughout the trial and sentencing. Any other rule would be unworkable." State v. Steed, 109 Ariz. 137, 139, 506 P.2d 1031, 1033 (1973).

■■ A defendant also has a right to change his decision concerning the assistance of counsel and he may ask that counsel be appointed to represent him midway in the trial. Steed, supra. This does not mean, however, that the trial judge must stop the trial for the convenience of the defendant each time he changes his mind. While we believe in the instant case that the better practice would have been to grant the request for an overnight continuance, it was within the discretion of the trial court, considering the facts of the case, to grant or deny the request as he deemed proper.

We agree with the Wisconsin Supreme Court which has stated:

"From our view of the entire record, we are of the opinion that the defendant waived his right to counsel by dismissing his appointed counsel at the eleventh hour and by his rejection of the reasonable efforts of the court to furnish him with the assistance of counsel. We are of the further opinion that the trial court did not abuse its discretion in refusing to appoint another counsel and insisting that the trial proceed without counsel for the defendant." State v. Scarbrough, 55 Wis.2d 181, 188, 197 N.W.2d 790, 793–794 (1972).

And, the California Supreme Court has stated:

"* * * When petitioner stated at the time of his arraignment that he did not need an attorney, the court was justified in taking him at his word. (citations

omitted) His attitude, both at that time and at the commencement of the trial, was equivalent to a final declination of counsel (citations omitted), and precluded him from again raising the question when the trial was well under way." Ex Parte Connor, 16 Cal.2d 701, 709, 108 P. 2d 10, 15 (1940).

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, J., concur.

HOLOHAN, Justice (dissenting).

A defendant has the right to change his decision concerning the appointment of counsel, and he may then have counsel appointed to defend him. State v. Steed, 109 Ariz. 137, 506 P.2d 1031 (1973). In the case at issue the defendant recognized his inability to represent himself in the trial, and, although he had previously refused the public defender as appointed counsel, he changed his decision and advised the court that he was willing to have the public defender represent him in the trial.

The public defender asked for a recess overnight to prepare for the trial. The trial judge denied this request. The record also indicates that the trial judge did not appoint the public defender to represent the defendant but merely placed him in the capacity of an advisor with the defendant left to conduct the trial. The majority finds no abuse of discretion by the trial court in these actions. I disagree.

Certainly an accused may not request the appointment of counsel late in the proceedings as a device to delay and obstruct the trial of the case. I find no abuse of discretion in the refusal of the trial court to grant a mistrial so that the defendant might have the trial start anew. The crucial factor is whether the public defender should have been granted an overnight recess to prepare himself to represent the defendant during the remainder of the trial.

The request for the appointment of counsel and for a continuance was made after the noon recess. The delay sought was a matter of hours, that is, until the next morning. The request does not appear to me to be unreasonable. On the contrary, the denial of the continuance is an abuse of discretion. The action by the trial court in effect denied the defendant an opportunity to have effective counsel represent him for the balance of the case, and the actions of the trial court in having the public defender act as advisor denied the defendant the right to counsel.

I would reverse the conviction and grant the defendant a new trial at which he could be represented by counsel.

LOCKWOOD, Justice.

I concur in the foregoing dissent of Justice HOLOHAN.