NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JENNIFER CORA BOS, *Appellant*.

No. 1 CA-CR 13-0610

FILED 9-23-14

Appeal from the Superior Court in Maricopa County
No.  CR2012-144759-001
The Honorable Jeffrey Rueter, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence C. Winthrop joined.

**G E M M I L L**, Judge:

¶1        Defendant Jennifer Cora Bos appeals her conviction for resisting arrest, a class six felony.  On appeal, Bos contends that the trial court erred in failing to conduct an adequate inquiry into the basis for her motion for new counsel.  For the reasons that follow, we affirm.

## BACKGROUND

¶2        We view the facts in the light most favorable to upholding the jury's verdict. *State v. Mitchell*, 204 Ariz. 216, 217 ¶ 3, 62 P.3d 616, 617 (App. 2003).  On May 10, 2012, Bos was pulled over after a Chandler police officer observed her driving erratically.  When the police officer approached her car, Bos became agitated and refused to comply with the officer's request that she provide identification.  She also refused to exit the vehicle upon request, resulting in a physical altercation between her and the police officer.  Bos was later handcuffed and transported to the police station.  In November 2012, Bos was charged by complaint and information with resisting arrest, a class six felony.

¶3        On the first day of trial in July 2013, prior to jury selection, Bos made a motion for new counsel:

> THE COURT: [T]hank you.  And, Mr. Wallace, my staff told me that there was something that [sic] wanted to bring up prior to the jury being here.
>
> [DEFENSE COUNSEL]: It's not necessarily me, but Ms. Bo[s] has a motion for the Court.
>
> THE COURT: All right.
>
> [BOS]: I was just wondering if there is a way I could get a new public defender.
>
> I am not confident that I have the best representation for my decision.    There--there  have  been  disagreements  on important things about my case that I think is relevant and I'm concerned that the evidence has not been obtained for my defense, and that it's not being used and I'm concerned about not being prepared for trial.
>
> And there seems to be like a breakdown in communication between my attorney and I, and so I'm--that's what I'm

asking for. I'm--I have--lately, we've not been communicating effectively.

THE COURT: [Defense counsel], do you have any comments?

[DEFENSE COUNSEL]: Your Honor, I can't address anything that Ms. Bos has to say because it has to do with attorney/client privileged communication.

THE COURT: Well, we've ordered a jury. The jury is going to be on the way up here [in] a minute. There is always--but sometimes there is conflict between attorneys and clients. You haven't really named anything specific, so I can't say that I find that your relationship with [defense counsel] is irreparably damaged.

So I'm going to deny your motion for new counsel. And you can go get the jury.

¶4            When trial commenced the next day, Bos once again attempted to address the trial court regarding her concerns:

[BOS]: May I speak?

THE COURT: You can ask your attorney a question.

[BOS]: Can I –

[DEFENSE COUNSEL]: Your Honor, Ms. Bos has a list that she has formulated of the issues that she's had with this case from the inception, including what she believes is a lack of evidence. She wants to present that to the Court.

I'm advising her not to do that. It contains statements. I'm asking her not to do it; however, she's insisted upon speaking with the Court to discuss some of the issues she's had.

THE COURT: I mean, once the--I, mean, I don't want--specifically what I mean--what is the problem? Do you want to tell me what –

[DEFENSE COUNSEL]: I can be as general as possible without going into specific statements.

Ms. Bos believes there was certain evidence that was not collected either by the State or by myself that she believes shows her innocence, and she believes that she has a lack of mistrust [sic] in myself, as well as the process because this was not collected. And she feels as though this evidence would be clearly exculpatory if it were found.

THE COURT: All right. Ms. Bos, I don't want to hear from you regarding that. I denied your motion to change counsel.

And any issues you have, they can be addressed during an appeal, if we get to that point. So there is nothing that can be done about it today. I don't want to hear about it, so I'm not going to hear any statements from you.

Also, it's improper because you are not representing yourself. You're represented by counsel.

**¶5**     The jury found Bos guilty of the felony charge of resisting arrest. The trial court suspended imposition of sentence and ordered that Bos serve a twelve-month term of supervised probation. Bos filed a timely notice of appeal. This Court has jurisdiction under Article VI, section 9 of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21, 13-4031, and 13-4033.

## ANALYSIS

**¶6**     Bos's sole contention on appeal is that the trial court abused its discretion by failing to conduct an inquiry into the basis for Bos's request for new counsel. We apply an abuse of discretion standard when reviewing denials of motions for new counsel. *State v. Moore*, 222 Ariz. 1, 15 ¶ 77, 213 P.3d 150, 164 (2009).

**¶7**     The Sixth Amendment, as well as the Arizona Constitution, guarantees to criminal defendants the right to representation by competent counsel. U.S. Const. amend. VI; *State v. LaGrand*, 152 Ariz. 483, 486, 733 P.2d 1066, 1069 (1987); *see also* Ariz. Const. art 2, § 24. "[A] request for new counsel should be examined with the rights and interest of the defendant in mind[,] tempered by exigencies of judicial economy." *LaGrand*, 152 Ariz. at 486, 722 P.2d at 1069. When a defendant makes a request for substitution of counsel, the trial court has a duty to inquire on the record as to the basis for that request. *State v. Torres*, 208 Ariz. 340, 343 ¶ 7, 93 P.3d 1056, 1059 (2004); *see also State v. Paris-Sheldon*, 214 Ariz. 500, 505 ¶ 11, 154 P.3d 1046, 1051 (App. 2007). The nature of this inquiry is dependent on the specificity

of the defendant's allegations. *Torres*, 208 Ariz. at 343 ¶ 8, 93 P.3d at 1059. A motion supported only by "generalized complaints about differences in [trial] strategy may not require a formal hearing or an evidentiary proceeding." *Id.*; *see also State v. Cromwell*, 211 Ariz. 181, 187 ¶ 30, 119 P.3d 448, 454 (2005) ("To constitute a colorable claim . . . a defendant must allege facts sufficient to support a belief that an irreconcilable conflict exists warranting the appointment of new counsel").

**¶8** In *State v. Torres*, a trial court did not conduct an adequate inquiry into the basis for a defendant's substitution motion. 208 Ariz. at 343 ¶ 7, 93 P.3d at 1059. Two months before trial, the defendant filed a written motion explaining that he "could no longer speak with his lawyer about the case, he did not trust him, he felt threatened and intimidated by him, there was no confidentiality between them, and his counsel was no longer behaving in a professional manner." *Id.* at 342 ¶ 2, 93 P.3d at 1058. The Arizona Supreme Court held that his allegations gave rise to a colorable claim for substitution, and accordingly, the trial court abused its discretion when it dismissed the motion without holding an evidentiary hearing to determine the basis for that claim. *Id.* at 343 ¶ 9, 93 P.3d at 1059.

**¶9** In contrast, in *State v. Gomez*, 231 Ariz. 219, 293 P.3d 495 (2012), a trial court did not abuse its discretion when it denied a defendant's motion for new counsel without holding an evidentiary hearing. There, the defendant filed a written motion alleging that his attorney was unprepared, unprofessional, unqualified, and had not devoted enough time to his case. *Id.* at 224 ¶ 20, 293 P.3d at 500. Without further oral argument or evidentiary proceedings, the trial court denied the motion at a pre-trial conference, explaining that it not only lacked specificity, but was inappropriate given its timing so close to the date of trial. *Id.* at 224–25 ¶¶ 23-24, 293 P.3d at 501–02. On appeal, the Arizona Supreme Court explained that because there was no indication that further inquiry into the motion would have revealed any "additional facts beyond those already before the court," the trial court did not abuse its discretion by denying it in the interest of judicial economy. *Id.* at 225–26 ¶ 29, 293 P.3d at 501–02.

**¶10** Similarly, the timing of the motion is critical in this case. Bos's request for substitution was made on the day that trial was scheduled to begin. There is no indication that Bos could not have made this motion at an earlier time. In fact, on the second day of trial defense counsel stated that Bos disagreed with his strategy "from the inception" of the case. The record suggests that the court denied the motion, at least in part, in the interest of preventing delay in the judicial proceedings. This was not an abuse of the court's discretion. *See LaGrand*, 152 Ariz. at 486–87, 733 P.2d at

1069–70 (explaining that judicial economy should be considered when ruling on a motion for substitution).

¶11        Bos also argues that the trial court's response to her motion constituted "a complete lack of inquiry" into the basis for her request for substitution. The record does not support this contention. Bos was given the opportunity to explain the basis of her motion before the start of trial. She stated that she had general disagreements as to "important things about [her] case" and was worried about a seeming "breakdown in communication." Based on these statements, the trial court determined that she had not presented facts giving rise to a colorable claim for substitution of counsel. As such, it dismissed her motion without further proceedings or an evidentiary hearing. Although ordinarily the trial court should have inquired further when faced with such a request, Bos made her motion at the start of the trial, rather than well in advance of trial. In light of the timing of the request as well as the lack of specificity in Bos's expression of concerns, the trial court did not abuse its discretion when it decided the motion without further questioning.

¶12        Additionally, even if the trial court had conducted a more thorough line of inquiry as to the basis for her motion, Bos has not provided any evidence as to the facts that such an inquiry would have revealed. Once a colorable claim for substitution has been made, a defendant is entitled to new counsel only if there has been a complete breakdown in the attorney-client relationship or there exists an irreconcilable conflict between the parties. *Torres*, 208 Ariz. at 342 ¶ 6, 93 P.3d at 1058. Bos had apparently prepared a list of grievances or concerns regarding her case, but defense counsel did not submit this list as part of the record or as an offer of proof. On appeal, Bos has not offered additional evidence or more specific information to support her contention that new counsel was warranted. Based on the record before us, it appears that Bos's complaints about counsel were based primarily on differing opinions about trial strategy. This is not a sufficient basis for granting a motion for new counsel. *See Cromwell*, 211 Ariz. at 186 ¶ 29, 119 P.3d at 453 ("[a] single allegation of lost confidence in counsel does not require the appointment of new counsel, and disagreements over defense strategies do not constitute an irreconcilable conflict"). The court considered the specificity and gravity of Bos's claims, in addition to the timing of the motion and the interest of judicial economy. It did not abuse its discretion by denying the motion without further inquiry.

**CONCLUSION**

**¶13**         The trial court's denial of the motion for substitution did not constitute an abuse of discretion.  Therefore, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: jt