NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JACK BUCHANAN SCALPH, *Appellant*.

No. 1 CA-CR 17-0525
FILED 7-19-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-005574-001 DT
The Honorable Erin Otis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Kent E. Cattani joined.

W I N T H R O P, Judge:

¶1        Jack Buchanan Scalph appeals his convictions and sentences for possession of dangerous drugs for sale, possession of marijuana for sale, possession of drug paraphernalia, and four counts of misconduct involving weapons.  Because only one issue from Scalph's appeal merits publication, we have addressed that argument in a separate, published opinion issued simultaneously with this unpublished memorandum decision.  *See* Ariz. R. Sup. Ct. 111(h); Ariz. R. Crim. P. 31.19(f).  For the following reasons, and for reasons addressed in the accompanying published opinion, we affirm Scalph's convictions and sentences.

FACTS AND PROCEDURAL HISTORY[1]

¶2        Police officers searched Scalph's home pursuant to a warrant and discovered four guns.  In a hidden compartment behind a shower, police found illicit drugs, a digital scale, and plastic baggies.  The State charged Scalph with one count each of possession of dangerous drugs for sale (methamphetamine), a class 2 felony; possession of narcotic drugs for sale (heroin), a class 2 felony; possession of marijuana for sale, a class 4 felony; possession of drug paraphernalia, a class 6 felony; and eight counts of misconduct involving weapons, class 4 felonies.

¶3        The State proceeded to trial on the drug charges and the four weapons charges that were based on allegations Scalph possessed the firearms during the commission of the drug offenses.[2]  *See* A.R.S. § 13-

[1]        We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Scalph.  *See State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 3 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[2]        Four weapons charges that were based on Scalph's status as a prohibited possessor were severed prior to trial.  After the jury convicted

3102(A)(8) (West 2018).[3]  The jury could not reach a verdict regarding the heroin offense, but found Scalph guilty of the other charges.  The jury also found the State sufficiently proved aggravating factors, including that Scalph was on probation for a felony conviction at the time he committed the offenses.  The court subsequently found Scalph had two historical prior felony convictions.  Pursuant to A.R.S. § 13-703(C) and (J), the court sentenced Scalph to presumptive concurrent prison terms as a category 3 repetitive offender, including a 15.75-year sentence on Count 1 (the methamphetamine offense), a 3.75-year sentence on Count 4 (paraphernalia), and 10-year sentences on the remaining counts.  With respect to Count 1, the court ordered Scalph's prison sentence to be served day-for-day, or "flat-time," in accordance with A.R.S. § 13-3407(A)(2), (F).  Scalph timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## ANALYSIS

¶4        Scalph argues the trial court erred in summarily denying his request for new counsel without conducting a hearing or considering the factors in *State v. LaGrand*, 152 Ariz. 483 (1987).  He specifically claims trial counsel failed to communicate with him "about discovery" and there was no "discussion about progress and preparation for trial."  We review a superior court's decision to deny a request for new counsel for an abuse of discretion.  *State v. Cromwell*, 211 Ariz. 181, 186, ¶ 27 (2005).

¶5        Although a criminal defendant has the right to be represented by competent counsel, an accused is not entitled to counsel of his choice or to a meaningful relationship with an attorney.  *Id.* at ¶ 28.  However, "when there is a complete breakdown in communication or an irreconcilable conflict between a defendant and his appointed counsel, that defendant's Sixth Amendment right to counsel has been violated."  *State v. Torres*, 208 Ariz. 340, 342, ¶ 6 (2004).  "A single allegation of lost confidence in counsel does not require the appointment of new counsel, and disagreements over defense strategies do not constitute an irreconcilable conflict."  *Cromwell*, 211 Ariz. at 186, ¶ 29.

---

Scalph, the State dismissed those other four weapons charges.  *See* Ariz. Rev. Stat. ("A.R.S.") section 13-3102(A)(4).

[3]        We cite the current versions of all applicable statutes as no revisions material to this decision have occurred.

¶6   If a defendant alleges sufficient facts that raise a colorable claim of an irreconcilable conflict or of a complete breakdown in communication with counsel, the court must conduct a hearing. *Torres*, 208 Ariz. at 343, ¶¶ 8-9. However, not every complaint requires a formal hearing or an evidentiary proceeding. *Id.* at ¶ 8. "For example, generalized complaints about differences in strategy may not require a formal hearing or an evidentiary proceeding." *Id.* Thus, the scope of the court's inquiry depends upon the nature of a defendant's allegations. *Id.*

¶7   At the final trial management conference, eleven days before trial, Scalph unsuccessfully requested new counsel. Scalph explained his reasons for requesting new counsel as follows:

> I've waited 14 months for [the suppression] hearing that we had last week and I was really disappointed in the way it was handled. I have personally not seen any discovery. I have no idea who's been interviewed, if anybody has been interviewed. I have no idea what the prosecutors have. I just don't feel like I've been represented. I was misled at the beginning by [previous defense counsel], [who] told me that it wasn't a very good plea offer, told me that there was [sic] problems with the search, basically not to take it, and it's gone down hill from there.

The trial court asked defense counsel whether he had any concerns about continuing to represent Scalph, and counsel responded:

> No, your Honor. We've done almost all of the interviews in the case, we're going to do the last three today and tomorrow, so we'll be ready to go to trial on June 1. I was -- as the Court knows, I was several attorneys down on the case. This was a case that was initially filed under an old case number. After a number of settlement attempts, it was dismissed and refiled under this case number, and that's when I came on to the case and there's not ever been a plea offer in this case number. I was informed today that Mr. Scalph had not received any of his previous discovery. He had received, as he described it, as kind of a summary of information from his prior attorney at the Public Defender's Office under the old case number, but he had not informed me that they did not have any discovery in this case. I will send him everything later today so he'll have it to review, at least prior to trial, but otherwise, I'm ready to go.

¶8          Scalph failed to sufficiently identify specific facts that would require the court to conduct an evidentiary hearing. Scalph had at least one attorney prior to trial counsel, and his allegation that a previous lawyer "misled" him was not a proper basis to substitute current trial counsel. And based on trial counsel's statements to the court, he and Scalph did indeed communicate about discovery when Scalph informed counsel of the "summary of information" he received from his previous lawyer. Scalph's failure, until the final trial management conference, to inform counsel that he received "no discovery" indicates a lack of communication on Scalph's part, not a lack of communication by trial counsel.

¶9          Significantly, Scalph does not articulate how the purportedly undisclosed information prejudiced his defense at trial. Additionally, Scalph's "disappointment" in counsel's "handl[ing]" of the suppression hearing, and Scalph's complaint of not knowing who his lawyer interviewed are not sufficient to require a formal hearing.[4] *State v. Hidalgo*, 241 Ariz. 543, 557, ¶ 61 (2017) (noting disagreement between defendant and counsel over pretrial witness interviews is a difference in strategy), *cert. denied*, 138 S. Ct. 1054 (2018). Finally, Scalph's assertion that he did not "feel like [he had] been represented" is belied by the record; counsel, on Scalph's behalf, filed multiple motions and appeared at numerous pretrial proceedings.

¶10          On this record, the trial court's decision to do no more than question counsel in response to Scalph's allegations was sufficient for Sixth Amendment purposes. Accordingly, the court did not abuse its discretion by denying Scalph's request for new counsel without holding a hearing. *See Hidalgo*, 241 Ariz. at 557, ¶ 61; *State v. Paris-Sheldon*, 214 Ariz. 500, 505, ¶ 11 (App. 2007) (concluding trial court's "informally" questioning defendant and counsel properly explored basis of defendant's request for new counsel).

¶11          Finally, we summarily reject Scalph's implication that the court was required to make *LaGrand* findings to support its denial of Scalph's request for new counsel. Scalph cites no authority supporting such a proposition. *See Paris-Sheldon*, 214 Ariz. at 505, ¶ 11 ("Paris–Sheldon cites no authority, . . . and we find none, requiring a trial court to make explicit findings in support of its decision to deny a motion for substitute counsel.").

---

4          Scalph raises no issues on appeal regarding the court's denial of his motion to suppress.

**CONCLUSION**

**¶12** For the foregoing reasons, and for the reasons addressed in the accompanying published opinion, we affirm Scalph's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA