NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESSE GONZALES, JR., *Appellant*.

No. 1 CA-CR 18-0741
FILED 9-24-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-156549-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

**C R U Z**, Judge:

¶1          Jesse Gonzales, Jr., ("Gonzales") was convicted of knowingly possessing a firearm while being a prohibited possessor. Gonzales appeals the superior court's denial of his requested "mere presence" jury instruction. We affirm the superior court's denial of the instruction.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Acting on an informant tip, officers from Chandler Police Department set up surveillance at a motel where Ray Arvizo ("Arvizo") was staying, hoping to apprehend Arvizo on two outstanding warrants. Officers saw Arvizo leave a motel room with Gonzales, who was carrying a black duffle bag. The two men walked to Gonzales' vehicle in the parking lot, then got in and drove off.

¶3          Officers executed a traffic stop and arrested Arvizo pursuant to the outstanding warrants. Gonzales consented to a search of the vehicle.

¶4          During the search, officers found Gonzales' black duffle bag on the back seat of the vehicle. Officers searched the bag and found two bags of protein powder. Inside the bags of protein powder, officers found two plastic bags that contained a firearm and ammunition. Officers arrested Gonzales because they knew he was a prohibited possessor of deadly weapons.

¶5          Officers took Gonzales in for questioning and issued *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436 (1966). Gonzales initially denied the firearm was his but later admitted having had it for weeks, that he knew he was a prohibited possessor, and that he understood the potential consequences for having a firearm included years in prison. Gonzales also identified the contents of the bag.

¶6          The State charged Gonzales with knowingly possessing a deadly weapon while being a prohibited possessor. Gonzales did not testify at trial. The defense theory was that Gonzales did not know the

firearm was inside his bag. Counsel asserted that Arvizo was aware of the firearm, and that Gonzales was merely present while Arvizo, also a prohibited possessor, possessed the firearm in violation of the law. Based on the theory that Gonzales did not know the firearm was in the bag, Gonzales requested a "mere presence" jury instruction. The State objected, arguing that the facts did not warrant the instruction. The superior court held that such an instruction only applies to accomplice liability cases and therefore declined to provide the requested instruction because Gonzales was not charged as an accomplice.

¶7 The parties agreed on the remaining instructions, including the definitions of "knowingly" and "possess." The superior court instructed the jury that "knowingly" means "that a defendant acted with awareness of, or in belief in, the existence of conduct or circumstances constituting the offense." It further instructed that "possess" means "knowingly to have physical possession or otherwise exercise dominion or control over the property."

¶8 The jury found Gonzales guilty as charged and found the fact that he was on community supervision to be an aggravating circumstance. Gonzales also admitted to five prior felony convictions, and the court sentenced him to a presumptive ten-year prison term.

¶9 Gonzales filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 120.21(A)(1).

## DISCUSSION

I.    Standard of Review

¶10 We review the superior court's "denial of a requested jury instruction for an abuse of discretion." *State v. Wall*, 212 Ariz. 1, 3, ¶ 12 (2006). "A party is entitled to an instruction on any theory reasonably supported by evidence." *State v. LaGrand*, 152 Ariz. 483, 487 (1987). Despite the superior court's reasoning, we will affirm the superior court's denial of a jury instruction "if the result was legally correct for any reason." *State v. Perez*, 141 Ariz. 459, 464 (1984).

II.    "Mere Presence" Instruction and Accomplice Liability

¶11 Gonzales argues—and the State concedes—that the superior court erred when it held that the "mere presence" instruction only applies in accomplice liability cases. We agree.

¶12            The "mere presence" instruction is of particular importance in accomplice liability cases.  Indeed, we have held that "in a prosecution for accomplice liability based on actual presence, the trial judge must, if requested, give a mere presence instruction." *State v. Noriega*, 187 Ariz. 282, 286 (App. 1996).  But accomplice liability cases are not the only type of cases in which such an instruction may be given. *See id.*  The proper standard is whether a requested instruction is "reasonably supported by evidence." *LaGrand*, 152 Ariz. at 487; *see also Doerr*, 193 Ariz. at 65, ¶ 36 (evidence did not support "mere presence" instruction in murder case); *see also State v. Martinez*, 175 Ariz. 114, 118 (App. 1993) ("mere presence" instruction not warranted in obstruction of justice case).

¶13            Accordingly, the superior court erred when it held that the "mere presence" instruction only applies if a defendant is charged as an accomplice.  Nevertheless, we will affirm the court's holding if it is "legally correct for any reason," *Perez*, 141 Ariz. at 464, and here, the requested instruction was not warranted based on the evidence presented.

III.      Inadequate Evidence Supporting "Mere Presence" Instruction

¶14            Gonzales argues the evidence supported his defense theory that he did not know that the firearm was in the bag and therefore he was entitled to a "mere presence" instruction.  We disagree.

¶15            The "mere presence" instruction provides in part that "[g]uilt cannot be established by the defendant's mere presence at a crime scene, mere association with another person at a crime scene or mere knowledge that a crime is being committed."  Revised Arizona Jury Instructions Standard Criminal 31 (4th ed. 2018).  "One who is merely present is a passive observer who lacked criminal intent and did not participate in the crime." *Id.*

¶16            In this case, the evidence presented established that Gonzales was more than merely present during the commission of a crime or a passive observer.  Officers saw Gonzales leave the hotel with a bag, that same bag was found in the back seat of the car accessible by Gonzales, and it contained a firearm.  Gonzales confirmed that the bag was his and identified its contents.  Additionally, while Gonzales initially denied owning the firearm, he eventually admitted that he had been in possession of it for "maybe weeks."  Gonzales also admitted he understood the consequences of possessing a firearm, a possible explanation to its concealed location and manner.  Gonzales' video-recorded admission was played to the jury and, though Gonzales' counsel argued to the contrary, no

contradicting evidence was ever admitted at trial.  *See State v. Goudeau*, 239 Ariz. 421, 466, ¶ 199 (2016) (statements and arguments by counsel are not evidence).  Accordingly, under the unique facts of this case, there was no evidentiary support for a "mere presence" instruction, and the court did not err by denying Gonzales' requested instruction.

## CONCLUSION

¶17   For the forgoing reasons, we affirm.

