NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

MARCELLO CORPUS FERNANDEZ, JR.,
*Appellant*.

No. 1 CA-CR 14-0504
FILED 1-28-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-445528-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

**S W A N N**, Judge:

**¶1**        Defendant Marcello Corpus Fernandez, Jr., appeals his convictions and sentences for burglary in the second degree.

**¶2**        This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defendant's appellate counsel searched the record on appeal, found no arguable nonfrivolous question of law, and asks us to review the record for fundamental error. *See Anders*, 386 U.S. 738; *Smith v. Robbins*, 528 U.S. 259 (2000); *State v. Clark*, 196 Ariz. 530 (App. 1999). Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he did not do so.

**¶3**        We have searched the record for fundamental error. We find none. Accordingly, we affirm. We modify the sentencing minute entry to correct a technical error.

**DISCUSSION**

**¶4**        The state charged Defendant with three counts of burglary in the second degree under A.R.S. § 13-1507(A), related to three sets of victims: "the M. family," "Mr. C.," and "the L. family." Defendant pled not guilty and declined the state's plea offers. Defendant moved to sever each of the counts; the court granted the motion in part and severed the count related to the L. family. Defendant also filed several successful motions in limine.

**¶5**        A few days before the time set for a jury trial on the counts related to the M. family and Mr. C., Defendant moved for a change of counsel. Defendant contended that his appointed attorney was not representing him "to the fullest ability," had pressured him to accept the state's plea offers, and was urging him to testify when he did not wish to do so. The court denied the motion. Defendant thereafter retained a private attorney and asked for a continuance to allow the attorney to

prepare for trial. The court again declined to allow Defendant to change counsel, and the matter proceeded to trial as scheduled.

¶6        At trial, the state presented evidence of the following facts. Defendant worked as a technician for a weed control company that services homes in Rio Verde, an adult community in Scottsdale. In late 2012 or early 2013, Defendant sprayed for weeds at both the M. family's and Mr. C.'s residences in Rio Verde.

¶7        Some months later, in June 2013, the M. family returned from an out-of-town trip to find multiple items missing from their residence: a laptop, cash, Mr. M.'s watch, and several pieces of Mrs. M.'s jewelry. A sheriff's deputy who responded to the scene noticed that the screen had been removed from the guest bedroom window, which was closed but unlocked. Plant debris littered the otherwise clean carpet just inside the window. According to the M. family, the screen had been in place when they left. The detective recovered several latent fingerprints from the screen.

¶8        Several months later, in August 2013, a house sitter entered Mr. C.'s residence to perform her regular duties. When the house sitter entered the guest bedroom, she encountered Defendant exiting the closet. Though she was initially startled by Defendant's presence, she believed his explanation that he had a key and was spraying for bugs -- he seemed calm, he was carrying a spray canister, and she knew that he performed services for many homeowners in the community. Defendant left, and the house sitter continued with her work. Later, however, she decided to contact Mr. C. to remind him to tell her if other people were going to be in the residence. Mr. C. responded that the house sitter had the only key. Both Mr. C. and the house sitter then called Defendant's supervisor. When questioned by the supervisor, Defendant stated that a local pest-control technician had let him into the residence to use the restroom. But according to the pest-control technician, he had performed no services at Mr. C.'s residence on the day in question and had never asked Defendant to assist him with his work; he further stated that Defendant had asked him to tell the house sitter that he had let Defendant into the residence.

¶9        After speaking with Defendant's supervisor and Mr. C., the house sitter filed a criminal report. A sheriff's deputy who responded to the scene discovered that the screen to an unlocked window had been cut down the left side and across the bottom. The interior of the residence appeared undisturbed.

**¶10** Based on the house sitter's report, law enforcement compared Defendant's fingerprints to those found on the screen at the M. family's residence. The fingerprints matched. Law enforcement then obtained and executed a search warrant at Defendant's residence. There, they found the M. family's laptop, Mr. M.'s watch, and Mrs. M.'s diamond bracelet.

**¶11** At the close of the state's evidence, Defendant moved for a judgment of acquittal under Ariz. R. Crim. P. 20. The court denied the motion, and Defendant rested. After hearing closing arguments and considering the evidence, the jury found Defendant guilty on both counts. The jury further found several aggravating factors under A.R.S. § 13-701(D): first, that both burglaries were committed as consideration for the receipt, or in the expectation of the receipt, of something of pecuniary value; and second, that the burglary of the M. family's residence involved multiple victims.

**¶12** Before sentencing, Defendant pled guilty to the severed count related to the L. family. The court accepted the plea, entered judgment on the jury's verdicts, and sentenced Defendant to concurrent presumptive prison terms of three and one half years with thirty-two days of presentence incarceration credit. Defendant timely appeals.

## DISCUSSION

**¶13** The record reveals no fundamental error. Defendant was present and represented by counsel at all critical stages, and the court acted within its discretion to deny Defendant's requests to change counsel. Though a defendant is entitled to representation by competent counsel, he is not entitled to "counsel of choice, or to a meaningful relationship with his or her attorney." *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998). Accordingly, "a request for new counsel should be examined with the rights and interest of the defendant in mind tempered by exigencies of judicial economy." *State v. LaGrand*, 152 Ariz. 483, 486 (1987). The superior court has broad discretion in ruling on a request for new counsel, considering factors such as "whether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and quality of counsel." *Id.* at 486-87. Based on the record here, the court did not abuse its discretion by denying a change of counsel: Defendant did not move to change counsel until a few days before the time set for trial (which had

already been continued several times); his complaints described a difference of opinion on litigation strategy that ultimately had no effect on the exercise of his rights; counsel filed several successful pretrial motions on Defendant's behalf; and counsel avowed that she could continue to work with Defendant.

¶14    The record shows no evidence of juror bias or misconduct, and the jury was comprised of eight jurors in accordance with A.R.S. § 21-102(B) and Ariz. R. Crim. P. 18.1(a).  The evidence that the state presented at trial was properly admissible and sufficient to support the jury's verdicts and its findings of aggravating factors.  "A person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or felony therein."  A.R.S. § 13-1507(A).  The state presented evidence sufficient to show that Defendant entered Mr. C.'s residence without permission by cutting a window screen, and similarly entered the M. family's residence without permission by removing a window screen.  And though the evidence showed that Defendant took items from Mr. and Mrs. M. only, the jury could reasonably infer that Defendant would have also removed items from Mr. C.'s residence had he not been interrupted by the house sitter.

¶15    Defendant was given an opportunity to speak at sentencing, and the court imposed legal sentences under A.R.S. §§ 13-1507(B) and -702(D).  The court also correctly calculated Defendant's presentence incarceration credit under A.R.S. § 13-712(B).

¶16    We note that the sentencing minute entry misidentified one of Defendant's convictions as burglary in the third degree rather than burglary in the second degree.  The record confirms that this was merely a technical error -- the jury convicted Defendant of burglary in the second degree; the court stated at the sentencing hearing that "[a]ll of these offenses are [ ] burglary in the second degree" and "[t]hey're all Class 3 felonies;" the minute entry cited the second-degree burglary statute only and identified all of the offenses as class 3 felonies; and the court imposed presumptive sentences consistent with second-degree burglary.  On this record, the mistake in the minute entry was harmless and does not require remand.  *See State v. Cornell*, 179 Ariz. 314, 322 n.1 (1994).  We therefore amend the minute entry to conform to the verdicts and the court's oral pronouncements.

## CONCLUSION

¶17          For the reasons set forth above, we affirm Defendant's convictions and sentences, and modify the sentencing minute entry to reflect the correct offenses.

¶18          Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Defendant of the status of this appeal and his future options. *Id.* at 585. Defendant has thirty days from the date of this decision to file a petition for review *in propria persona. See* Ariz. R. Crim. P. 31.19(a). Upon the court's own motion, Defendant has thirty days from the date of this decision in which to file a motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama